IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY L. HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 23-1432 (MN) |
| | ) |
| DELAWARE STATE POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Gregory L. Hawkins, Georgetown, Delaware – Pro Se Plaintiff.

May 17, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On December 13, 2023, Plaintiff Gregory L. Hawkins filed this *pro se* action under 42 U.S.C. § 1983, naming as Defendants the Delaware State Police and the State of Delaware. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff has filed a motion to seal. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.     BACKGROUND

The following facts alleged in the Complaint are accepted as true at this stage of the proceedings. On or around February 11, 2022 and April 4, 2022, the Delaware State Police illegally searched and seized Plaintiff. In May and November 2022, the Delaware State Police committed unelaborated police misconduct, discrimination, racial profiling, and false arrest. Plaintiff offers no specific factual allegations in support of these claims. He seeks $5 million in damages.

## II.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III. **DISCUSSION**

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)

(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)).  The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.  *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam).  Accordingly, the Delaware State Police and the State of Delaware must be dismissed.  To the extent that Plaintiff intended to name individual police officers, he has failed to state a claim given the dearth of factual allegations in his claims.

For these reasons, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Plaintiff will be granted leave to file an amended complaint.

Plaintiff's motion to seal will be denied.  There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted).  Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to him, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

### IV.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and deny Plaintiff's motion to seal.

An appropriate Order will be entered.